FILED
SUPERIOR COURT
OF GUAM

2014 SEP 22 PM 3: 10

CLERK OF COURT
BY: _____

**IN THE SUPERIOR COURT OF
GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | **CRIMINAL CASE NO. CF0358-14** |
| Plaintiff, ) | |
| vs. ) | **DECISION AND ORDER** |
| JORDON JAY CHARGUALAF, ) | |
| Defendant. ) | |

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, the Defendant's Motion for Release Conditions and Request to Revoke Personal Recognizance Release, was taken under advisement by the Honorable Judge Michael J. Bordallo on September 12, 2014. Defendant is represented by Assistant Public Defender Richard S. Dirkx. The People of Guam are represented by Assistant Attorney General Elizabeth Vasiliades. Having considered the evidences presented the Court now enters an order Granting in part the Defendant's motion.

**BACKGROUND**

I.

On July 18, 2014, a magistrate complaint was filed accusing Defendant of committing the following crimes on or about the 16th day of July 2014: 1) Possession of a Firearm without

an Identification Card, As a 3rd Degree Felony, and Criminal Mischief, As a Misdemeanor. In support of the complaint the People filed a declaration alleging the following:

> On or about July 16, 2014 at 11:40 a.m. Officer Viera responded to a call concerning a disturbance at a residence in Merizo. Upon arrival at the residence, Viera was contacted by a female, identified as Arlene V. Cruz, who indicated the boyfriend of her daughter Jolene A. Cruz, identified as Jordan Jay Chargualaf had slashed two tires of a vehicle which had been in Arlene's possession. Arlene indicated the Jolene and Jordan had been arguing inside the residence, and that Jordan had later went outside and slashed the tires of the vehicle with a knife. Viera inspected the vehicle and confirmed that the two front tires of the vehicle were flat.

> At approximately 1:40 p.m., on July 16, 2014, Jolene was interviewed and indicated that she had witnessed Jordan slash the tires of the vehicle. Jolene also stated that she was afraid of Jordan because Jordan had previously indicated he would shoot her and take their children. Jolene indicated that Jordan had a rifle, which she identified as an AK-47 or an SKS that he uses for hunting.

> On July 17, 2012 at 11:05 a.m. officers conducted a suspect check for Jordan at a residence. Jordan was located at the residence and stated that the only firearm present was a pellet gun. Jordan was interviewed concerning his argument with Jolene and stated he had told her over the phone that "If you ever try to take my kids away from me just remember that I got a gun." Jordan stated he didn't have a firearms identification card. Jordan confirmed that he had slashed the tires of the vehicle the previous day after arguing with Arlene and Jolene. Jordan stated that he had given one hundred dollars to pay for the damage to the tires, which was later confirmed. Jolene later brought the rifle she identified as Jordan's to the Southern Precinct. The weapon was identified as a Romanian AK-47 (S# 1-02200-99).

Compl. at 3. Under the above facts, on July 18, 2014, at the Magistrate's Hearing Defendant was ordered to have no contact with the victim, bail was set at $3,000.00, a preliminary hearing set for July 28, 2014, and the Public Defender Service Corporation appointed as counsel for Defendant. On July 28, 2014, an indictment was entered charging Defendant with the same charges listed in the Magistrate's complaint. The indictment indicated that each charge also arose out of events that occurred on July 16, 2014. At the arraignment hearing Defendant was released on his own recognizance and $5,000.00 bail. Defendants release was conditioned upon reporting to probation three times each week and the standard conditions of release.

On August 29, 2014, a superseding indictment was filed charging Defendant with: 1) Possession of a Firearm without a Firearms Identification Card, as a 3rd Degree Felony; 2) Criminal Mischief, as a 3rd Degree Felony; and 3) two counts of Family Violence, as a 3rd Degree Felony, with Special Allegation: Possession and Use of a Deadly Weapon in the Commission of a Felony. In the superseding indictment, in addition to the alleged events of July 16, 2014, the first count of the third charge alleged an act occurring between June 1 and 30, 2104.

A warrant of arrest for Defendant was issued the same day as the superseding indictment. Prior to the service of the warrant, having been informed of the warrant, Defendant voluntarily surrendered himself to the department of corrections on August 29, 2014. Subsequent to his surrender, Defendant on September 2, 2014, was released on the same conditions as previously set and a further proceedings hearing scheduled for September 4, 2014.

**II.**

On August 18, 2014, Defendant filed his motion to be released on his own recognizance. Mot. at 1. In it he cites to the mandates of 8 GCA §§ 40.20 and 40.15(b) and argues that there is no statutory reason to restrict his release. *Id.* at 1.

The People filed its opposition on September 9, 2014. Opp. at 1. In it the People assert that at the magistrate hearing and the Court's initial release hearing Defendant was charged with the single charge of Possession of a Firearm without an ID. *Id.* at 2. Subsequent to this hearing it asserts that it met again with the Defendant to obtain additional information for possible additional charges and it was from this meeting that the superseding charges arose. *Id.* at 2-3. The People further argue that Defendant's release violated the notice requirements of Guam's Victim's Bill of Rights Act and generally suggest that the Court has failed to work collaboratively with other government agencies to ensure these rights. *Id.* at 2. The People argue

that: 1) escalating violence in June and July, 2) extreme jealously over perceived affairs, 3) the presence of children during the events, 4) actual previous possession of a firearm, and 5) further information obtained in a second meeting with the victim, merit more restrictive conditions to any release of the Defendant. *Id.* at 3.

Defendant filed his reply on September 10, 2014. Reply at 1. In it he complains of inconsistencies in charging documents and proper notice of counsel. *Id.* Regarding Defendant's possible re-confinement the Defendant argues and asserts that the following assertions and argument support his continued release: 1) the People have failed to contact the victim to inquire about her position; 2) since his release Defendant has been allowed visits with his children; 3) defendant has made no threats toward the children; 4) the People have not identified any additional information that arose out of its second interview with the victim; 5) the cause of the behavior, Defendant's drug abuse, is being adequately monitored under the current conditions; and 6) there is no evidence that a firearm was used.

## DISCUSSION

**I.**

Rule 11(b) of the Guam Rules of Civil Procedure provides,

By presenting to the court . . . a . . . motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Guam R. Civ. P. 11(b). In regard to the assertions made by the People, a review of the file and the papers herein, leaves the Court disconcerted as to its possible lack of candor and failure to comply with the mandates of Rule 11(b). A review of the declaration supporting the magistrate's complaint in conjunction with People's failure to identify any new facts arising out of the second interview evidence a possible lack of adequate care on the part of the People. Additionally the Court is concerned that despite its specific request the People have failed to provide any statement from the victim regarding Defendant's release conditions.

**II.**

Sections 40.15 and 40.20 of the Guam Code regulate when a person who is charged with criminal offenses may be released from confinement. 8 GCA §§ 40.15 and 40.20 (2013). These sections provide a Court the discretion to conditionally release a person from confinement. *Id.* When making this determination a Court must weigh the risk to possible victims, the public safety and the need to assure the appearance of defendant against the inalienable rights of each person accused of a crime. *Id.*; 48 USC 1421b (2013). Accordingly and in consideration of the above, the Court on September 2, 2014, entered an order continuing the prior conditions of release. In its objection to this order the People fail to identify any new facts or error which might support a finding opposite from the Court's previous rulings. Absent this the Court is not persuaded that it should disturb its prior findings.

//

//

## CONCLUSION

For the foregoing reasons the Defendant's motion is GRANTED in part. Defendant shall continue to be subject to the conditions set forth in the Court's August 6, 2014 order. Additionally, based upon the assertions made at the September 16, 2014, hearing in this matter Defendant shall be temporarily placed on house arrest for a period of 30 days. Further proceedings in this matter are hereby set for _Oct 16_ , 2014 at _9:00 a_ __ m.

SO ORDERED this _22_ of _Sept_ _____ 2014 *nunc pro tunc to 9/16/14.*

_____
**HONORABLE MICHAEL J. BORDALLO**
**JUDGE, SUPERIOR COURT OF GUAM**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of: AG PDSC

Date: 9/22/14 Time: 3:10pm

Deputy Clerk, Superior Court of Guam